Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1110 | **DATE** | 2/27/2013 |
| **CASE TITLE** | Jaime L. Valle (#80409) vs. Law Offices of Gil & Cruz, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#4] is granted. The court authorizes and orders prison officials to begin making monthly deductions toward payment of the filing fee in accordance with this order. The clerk shall send a copy of this order to the trust fund supervisor at the Kane County Jail. However, on the court's own motion, the complaint is summarily dismissed on initial review pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal subject matter jurisdiction. The case is terminated. The plaintiff's motion for appointment of counsel [#5] is denied as moot. This dismissal does not count as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Kane County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, partners in a law firm, violated the plaintiff's constitutional rights by providing ineffective representation in state criminal proceedings, resulting in his conviction.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $30.00 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Nevertheless, under 28 U.S.C. § 1915A, the court is required to dismiss a suit brought by a prisoner against government officials at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state an actionable civil rights claim as a matter of law under the facts alleged. Accordingly, the case is dismissed for lack of federal subject matter jurisdiction.

It is most regrettable if the plaintiff received inadequate representation. However, the plaintiff has articulated no basis for federal jurisdiction. Defense attorneys, whether privately retained or public defenders, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 824 (7th Cir. 2009). The court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. If the plaintiff wishes to sue Mr. Cruz and/or the law offices of Gil and Cruz for legal malpractice, or any other state tort, he must do so in state court.

To the extent the plaintiff may be seeking to assert ineffective assistance of counsel as a challenge to a criminal conviction, the federal court can consider such a claim only in the context of a petition for a writ of habeas corpus, and only after the petitioner has exhausted state court remedies. *See* 28 U.S.C. § 2254. A prisoner may not contest his criminal conviction by way of a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Nor may the court convert a civil complaint into a habeas petition. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted in a federal civil action. The plaintiff's motion for appointment of counsel is denied as moot. Although the court declines to impose a "strike" for this dismissal, the plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, the Court of Appeals may assess a strike if the appeal is found to be frivolous.